Argued and submitted April 18, reversed and remanded September 28, 2005

· William ABENDROTH,
*Appellant,*

*v.*

ASBESTOS CORPORATION, LTD,
a Canadian corporation;
Atlas Turner, Inc.,
a foreign corporation,
fka Atlas Asbestos;
Bell Asbestos Mines, Ltd.;
Certainteed Corporation,
fka Certain-Teed Products Corporation and
as successor-in-interest to Certain-Teed Corporation,
on behalf of Gustin Bacon Manufacturing Co.,
Keasby & Mattison, Parkson Pipe, Parkson, Inc.,
Waterco Supply Co., Telford Smith Supply Co.;
Evergreen Building Products;
Gatke Corporation,
as successor-in-interest to Gatke Corporation
and on behalf of Asbestos Textile Company, Inc.;
GTS Drywall Supply;
Kaiser Gypsum Company, Inc.,
as successor-in-interest to
Kaiser Gypsum Company, Inc.
and on behalf of Permanente Cement Company,
Pacific Coast Cement Company;
Kelly-Moore Paint Company, Inc.,
as successor-in-interest to
Kelly-Moore Paint Company, Inc.
and on behalf of Frank W. Dunne Company,
Dunne Quality Paints;
LH Butcher Company,
as successor-in-interest to LH Butcher Company
and on behalf of Central Solvents & Chemical Co.,
Chemcentral Corporation Company,
Hooker Chemical Corporation, Udylite Corporation,
Wibel Inc., Wilbur Ellis Company;
Metropolitan Life Insurance Company;
Parker Hannifin Corporation;

Pumilite Building Products, Inc.;
Sherwin Williams Paints;
T&N Ltd,
as successor-in-interest to T&N Ltd;
T&N PLC,
as successor-in-interest to T&N PLC
and on behalf of Atlas Asbestos Company Ltd.,
Atlas Turner, Inc., Asbestos Company, Ltd,
Certainteed Products Corporation,
Continental Products Corporation,
Cork Manufacturing Company,
Flexitallic Gasket Company, Inc.,
Havelock Asbestos Mines, JW Roberts Limited,
Keasbey & Mattison Company,
Keasbey & Mattison, Inc.,
Newalls Insulation Company Limited,
Nuturn Corporation, Shabani & Mashaba Minew,
Turner & Newall Holdings,
Turner & Newall Industries, Inc.,
Turner & Newall Ltd, Turner & Newall, PLC,
Turner & Newall International,
Turner Asbestos Fibers Ltd,
Turner Brothers Asbestos Company,
Washington Chemical Company Limited,
Atlas-Turner Company Ltd;
The Flintkote Company,
as successor-in-interest to Flintkote Company
and on behalf of Flintkote Mines Ltd-Quebec,
Calaveras Cement Company,
Blue Diamond Corporation, Genstar Company,
Botswana Fibers Ltd, Capasco Ltd,
Orangeburg Manufacturing Co., Pioneer-Flintkote,
Pioneer Corp., Tile Tex, Atlas Adhesives,
Pacific Asbestos Company, and Van Packer Chimney Co.;
Underwriters Laboratories;
Union Carbide Corporation,
fka Union Carbide & Carbon Products,
fka Union Carbide Chemicals and Plastics,
as successor-in-interest to Union Carbide Corporation
and on behalf of Linde Air Products Company;
and the Sykoloid Company,
*Defendants,*

*and*

HAMILTON MATERIALS, INC.,
a California corporation,
*Respondent.*

0108-08963; A122794

120 P3d 535

Lloyd F. LeRoy, Novato, California, argued the cause for appellant. On the opening brief were Elaine J. Brown, Robyn L. Stein, Jon M. Egan, and Brayton ♦ Purcell. On the reply

brief were Elaine J. Brown, Robyn L. Stein, and Brayton ♦
Purcell.

R. Daniel Lindahl argued the cause for respondent. With
him on the brief were Jeanne F. Loftis and Bullivant Houser
Bailey, PC.

Before Haselton, Presiding Judge, and Rosenblum,*
Judge, and Brewer,** Chief Judge.

ROSENBLUM, J.

---

* Rosenblum, J., *vice* Ortega, J.

** Brewer, C. J., *vice* Deits, J. pro tempore.

**ROSENBLUM, J.**

Plaintiff is a retired drywaller who claims to suffer from an asbestos-related disease. He brought this action against numerous suppliers and manufacturers of asbestos-containing products, including defendant Hamilton Materials, the only defendant that is a party to this appeal. In his claims against defendant, plaintiff asserts that, over the course of his career as a drywaller, he was exposed to several of defendant's products that contained asbestos and that the exposure caused his disease. The trial court granted summary judgment in favor of defendant, concluding that there was no genuine issue of material fact as to whether plaintiff was exposed to any asbestos-containing product manufactured by defendant. Plaintiff appeals, arguing that there is a genuine issue of material fact on that question. We agree and, accordingly, reverse and remand.

■    Summary judgment is proper if the "pleadings, depositions, affidavits, declarations and admissions on file show that there is no genuine issue as to any material fact * * *." ORCP 47 C. "No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment." *Id.* The subject of the motion for summary judgment in this case was whether plaintiff was ever exposed to an asbestos-containing product that was manufactured by defendant. *See Purcell v. Asbestos Corp., Ltd.*, 153 Or App 415, 423, 959 P2d 89 (1998), *rev den*, 329 Or 438 (1999) (stating that a plaintiff must prove exposure to asbestos).

■    We state the facts in the light most favorable to plaintiff, who was the adverse party, and draw all reasonable inferences in his favor. *West v. Allied Signal Inc.*, 200 Or App 182, 187, 113 P3d 983 (2005). Plaintiff worked as a drywaller in Oregon and Washington from 1964 to 1996. Over the course of his career, he worked for a number of different employers. His duties for each differed, but consisted primarily of taping—that is, stringing drywall tape along the walls,

applying various coats of "mud" on top of the tape, and sanding after the "mud" had dried. Plaintiff recalled using "mud" that was manufactured by defendant at various jobs between 1964 and 1982. At issue here is whether any of the "mud" used by plaintiff and manufactured by defendant contained asbestos.

In a deposition, plaintiff explained that "mud" refers to "taping compound, topping compound, [or] textured compound. It's all mud in drywall lingo." "Taping compound" is the first layer of "mud" that a drywaller applies to tape to imbed it between pieces of drywall. "Topping compound" or "finishing compound" is used for the subsequent coats of "mud." The record does not reveal the precise nature of "textured compound."

During the relevant time period, defendant manufactured both taping compounds and finishing compounds, which were designed to be used in conjunction with each other. Defendant admits that many of its taping compounds during the relevant time period contained asbestos. For example, defendant's "Taping Joint System" contained asbestos from 1970 to 1977. Its "All Purpose Joint System" contained asbestos from 1963 to 1977. Its "Multi-Purpose" compound contained asbestos in 1974. Its "Orange Dot Multi-Purpose" contained asbestos from 1974 to 1977. And its "Sof-Top Joint System" contained asbestos from 1975 to 1977. In a deposition of defendant's custodian of records, Willis Hamilton, Hamilton acknowledged that between 1959 and 1974 all of defendant's taping compounds contained asbestos. He was asked, "So from 1959 through 1974, [defendant] did not market a non-asbestos taping compound, and I'm talking about the imbedding compound; is that right?" He answered, "Correct."

Although all of defendant's taping compounds contained asbestos between 1959 and 1974, its "topping compound," also known as "finishing compound," did not. Defendant's finishing compound was its best-selling product.

Plaintiff remembers using defendant's "mud" while working for various employers during the 1960s and 1970s. With respect to a few of those employers, plaintiff specified

that the "mud" that he used was taping compound. For example, plaintiff stated in his deposition that he thought that he used defendant's taping compound—which he also referred to as "taping material" and "bag mud"—while he worked for Lewis Drywall in 1967. He also remembers using both defendant's taping compound and its finishing compound while he worked for Russell Benoit, which was in 1975 and again in 1978, 1980, and 1981. Plaintiff was clear that, in all of his jobs during the relevant period, he used "mud" for taping.

After reviewing the above evidence, the trial court concluded that there was no genuine issue of fact as to whether plaintiff was exposed to an asbestos-containing product manufactured by defendant because the evidence was too speculative for a reasonable juror to find for plaintiff on that issue. Accordingly, it granted defendant's motion for summary judgment.

■ On appeal, plaintiff argues that the following evidence was sufficient to create a genuine issue of material fact as to whether he was exposed to an asbestos-containing product manufactured by defendant between 1964 and 1973—the period during which all defendant's taping compounds contained asbestos: (1) plaintiff's affidavit, stating that he used defendant's "mud" during the 1960s and 70s; (2) Hamilton's affidavit, stating that, between 1956 and 1974, all of defendant's taping compounds contained asbestos; and (3) defendant's admission that its taping products contained asbestos. Defendant responds that plaintiff's statement that he used defendant's "mud" cannot support an inference that he was exposed to asbestos-containing products because plaintiff did not specify which "mud" products he had used. According to defendant, it is more likely than not that the products that plaintiff used did not contain asbestos because defendant's finishing compound, which was its best-selling product, did not contain asbestos.[1]

---

[1] Before the trial court, defendant also challenged plaintiff's affidavit on the ground that it added to or contradicted his earlier deposition testimony without explaining why the earlier testimony was wrong or incomplete. The trial court rejected that challenge and defendant does not raise it on appeal.

We agree with plaintiff that a genuine issue of material fact exists as to whether he was exposed to one of defendant's asbestos-containing products. Defendant's argument that the "mud" with which plaintiff worked probably did not contain asbestos rests on defendant's assumption that the "mud" to which plaintiff referred in his affidavit is finishing compound, which did not contain asbestos. However, plaintiff explained in his deposition that he uses the term "mud" to refer not only to finishing or topping compound, but also to taping compound and texture. Throughout his deposition, plaintiff referred to using "mud" for taping, and he specified at least one job that he held between 1964 and 1973 at which he used defendant's taping compound. The affidavit of defendant's custodian of records stated that during that period all of defendant's taping compounds contained asbestos. Viewing that evidence in the light most favorable to plaintiff, a reasonable juror could infer that he was exposed to defendant's asbestos-containing taping compound between 1964 and 1973. Therefore, there is a genuine issue of material fact on the question of exposure to the taping compound. Summary judgment was, therefore, inappropriate.

Defendant also admits that a number of its other products contained asbestos. For example, several of defendant's ceiling texture products, which were designed to be sprayed onto ceilings as decorative textures, contained asbestos at various times during the 1960s and 1970s. In his affidavit, plaintiff remembered using defendant's spray-on acoustic ceiling texture during that period. We do not reach the question whether that evidence creates a genuine issue of material fact as to whether plaintiff was exposed to one of defendant's asbestos-containing ceiling texture products because we agree with plaintiff's argument that a genuine issue of fact exists as to whether he was exposed to defendant's asbestos-containing taping compound.

Reversed and remanded.