Argued and submitted March 10, reversed and remanded May 21, 2008

Judy PERMAN,
personal representative of the Estate of
Donald Perman, deceased,
and Judy Perman, individually,
*Plaintiffs-Appellants,*

*v.*

C. H. MURPHY/CLARK-ULLMAN, INC.,
an Oregon corporation,
individually and as successor in interest to
C. H. Murphy, Inc.;
CSK Auto, Inc.,
an Arizona corporation,
individually and as successor in interest to
Kragen Auto Supply Co.,
Northern Automotive Corporation,
Checker Auto Parts, Inc.,
TBDPC Corporation,
Paccar Automotive, Inc.,
and Schuck's Auto Supply;
GI Joes, Inc.,
an Oregon corporation;
and Sanderson Safety Supply Co.,
an Oregon corporation,
*Defendants,*

*and*

QUIMBY WELDING SUPPLIES, INC.,
an Oregon corporation,
*Defendant-Respondent.*

Multnomah County Circuit Court
040100852; A126341

185 P3d 519

Lloyd F. LeRoy, California, argued the cause for appellants. On the opening brief were Elaine J. Brown, Scott Niebling, and Brayton Purcell, LLP. On the reply brief were James Shadduck, Robyn Stein, and Brayton Purcell, LLP.

Rudy R. Lachenmeier argued the cause for respondent. With him on the brief were Lori K. DeBobbelaere and Lachenmeier Enloe Rall & Heinson.

Before Haselton, Presiding Judge, and Edmonds, Judge, and Rosenblum, Judge.

HASELTON, P. J.

## HASELTON, P. J.

Plaintiff, personally and as the personal representative of the estate of Donald Perman,[1] appeals, challenging the trial court's allowance of summary judgment in favor of defendant, Quimby Welding Supplies, Inc.,[2] on claims arising out of decedent's alleged exposure to asbestos while working as a welder and sheet metal mechanic at American Sheet Metal (ASM) in Tualatin between 1966 and 1978. The trial court granted summary judgment, based on its determination that plaintiff had failed to present evidence sufficient to permit a reasonable trier of fact to find that defendant had supplied asbestos-containing products, including gloves, that decedent and his coworkers used at ASM, causing him to be injuriously exposed to asbestos fibers. For the reasons that follow, we disagree, and, thus, reverse and remand.

The pertinent procedural circumstances are undisputed. The complaint, filed in January 2004, alleges that various entities, including defendant, had distributed asbestos-containing products and that, as a result of exposure to those products in workplaces, including at ASM, decedent had suffered asbestos-related injuries and disease. Specifically, with respect to defendant, the complaint alleged that defendant had "engaged in the supply, distribution and sale of hazardous asbestos-containing products, including gloves, mittens, and welding blankets."

Defendant subsequently moved for summary judgment, contending that plaintiff had been unable, notwithstanding substantial discovery, to adduce evidence that decedent had been injuriously exposed at ASM to any asbestos-containing products distributed by defendant. In support of that motion, defendant proffered, *inter alia*, a declaration from one of its former employees, Crowther, stating that

---

[1] Donald Perman died after the trial court granted summary judgment. Thus, we refer to Judy Perman as plaintiff, even though she brings different claims on behalf of herself, and in her capacity as the estate's representative. We refer to Donald Perman as decedent.

[2] Plaintiff dismissed claims against other defendants who were named in the action below and are no longer parties to this suit.

defendant had never distributed asbestos-containing products to ASM during the period of decedent's employment. Defendant also submitted a declaration from Stull, an expert witness, who stated that, based on his research regarding welding gloves and mittens available during decedent's employment at ASM, he had determined that a variety of entities had produced and distributed gloves and mittens corresponding to decedent's description of those that he and his coworkers had used and that, "[a]lthough some of these contained asbestos," others included "a number of other fabrics, including but not limited to, fiberglass and flame-retardant treated cotton[.]"

In opposing summary judgment, plaintiff proffered two submissions that are particularly pertinent to our analysis and disposition. *First*, plaintiff submitted excerpts of decedent's deposition testimony. In that testimony, decedent stated that (1) during his employment at ASM, he used both "leather gloves" and "silver gloves"; (2) the "silver gloves" had "a thumb and a-one finger and the rest was like a mitten" and, "when it wore through, it had a material in there that appeared to be asbestos"; (3) decedent believed that the material was asbestos because it was "a white material, kind of wool-ish" that "looked similar to the—the blankets or the insulation [he] had seen"; and (4) defendant supplied "many boxes" of gloves, including "silver gloves," to ASM.

*Second*, plaintiff submitted a declaration from Charles Mariani, a coworker of decedent's at ASM. Mariani stated that, during their employment, he and decedent were required to wear "asbestos gloves" on a "regular basis" to protect their hands, and those "asbestos gloves," which "looked more like mittens," were a "dirty silver color on the back" and "off white" on the palm side. In paragraph 5 of his declaration, Mariani stated:

> "During the 1960s and early 1970s I became aware that the asbestos gloves/mitts used at American Sheet Metal, that I described above, were supplied by Quimby Welding Supplies, located in Portland, Oregon. This is because we often spoke with the Quimby Welding Supplies sales representative, who I believe was named Mr. Ron Selis. Mr. Selis came to our shop to sell us this protective equipment on a regular basis and met with our purchasing agent,

Homer Grote. Mr. Grote told us that these gloves/mitts were supplied by Quimby Welding Supplies."

Plaintiff's counsel also submitted, pursuant to ORCP 47 E, a declaration stating that plaintiff had retained a qualified expert witness. That declaration is almost exclusively devoted to describing the expert's putative testimony regarding the dynamics of the "release of respirable asbestos fibers into the workplace" and decedent's consequent injurious exposure.

Defendant subsequently moved to strike those portions of both decedent's deposition testimony and Mariani's declaration, in which they either described the "silver gloves" as containing asbestos or characterized those gloves as "asbestos gloves," as being incompetent and without adequate foundation. Defendant further moved to strike paragraph 5 of Mariani's declaration, describing defendant as the supplier of the "asbestos gloves," as being based on hearsay and without personal knowledge. In addition, by way of reply, defendant submitted a declaration from its former sales manager, Selis, stating that he had "never sold gloves, asbestos-containing or not, to American Sheet Metal," and a supplemental declaration from Mariani, stating that he did not "personally know" whether defendant had supplied gloves or mitts to ASM and that, during the time that he had worked at ASM, he "did not know whether any of the gloves [he] worked with contained asbestos."

Finally, plaintiff submitted a second supplemental declaration from Mariani, in which he disavowed and recanted his supplemental declaration and reiterated his statements in his original declaration, specifically including paragraph 5 of the original declaration.[3]

The trial court granted summary judgment. Specifically, the court concluded that, even if defendant's motions to strike portions of decedent's deposition testimony and Mariani's declaration were denied, plaintiffs' submissions

---

[3] Paragraph 11 of Mariani's second supplemental declaration is identical to paragraph 5 of his original declaration, except the first sentence was slightly modified to read as follows: "I know that the asbestos gloves/mitts used at American Sheet Metal that I described above, were supplied by Quimby Welding Supplies, located in Portland, Oregon."

were still insufficient to raise a disputed issue of fact as to whether defendant distributed asbestos-containing gloves to ASM during decedent's employment.

On appeal, plaintiff reiterates her fundamental contention that decedent's deposition testimony and Mariani's declaration (specifically including paragraph 5) individually and collectively create a triable issue of material fact as to whether defendant distributed asbestos-containing gloves to ASM during decedent's employment.[4] Defendant, as it did before the trial court, counters that the relevant portions of decedent's deposition testimony and of Mariani's declaration are inadmissible—and that, even if they were admissible, they are insufficient to defeat summary judgment.

■      Summary judgment is proper only if the "pleadings, depositions, affidavits, declarations and admissions on file show that there is no genuine issue as to any material fact * * *." ORCP 47 C.

> "No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment."

*Id.* When reviewing the allowance of summary judgment, we draw all reasonable inferences in favor of plaintiff, as the nonmoving party. *West v. Allied Signal, Inc.*, 200 Or App 182, 187, 113 P3d 983 (2005).

■      We begin by assessing the admissibility of the evidence. Defendant argues that decedent's statements identifying the gloves defendant supplied to ASM as containing asbestos is inadmissible under OEC 701, because decedent was a lay witness and, consequently, was unqualified to testify about the composition of gloves that he used in the 1960s and 1970s. OEC 701 limits the testimony of nonexperts on

---

[4] Plaintiff acknowledges that there is no evidence that defendant distributed any other asbestos-containing product, including welding blankets and other protective clothing, to ASM. Accordingly, we limit our analysis to the propriety of summary judgment with respect to defendant's alleged provision to ASM of asbestos-containing gloves and mittens.

their "opinions or inferences" to those "opinions or inferences" that are: "(1) Rationally based on the perception of the witness; and (2) Helpful to a clear understanding of testimony of the witness or the determination of a fact in issue." In defendant's view, decedent's testimony that he used gloves that contained asbestos is inadmissible, because he was not an expert at identifying asbestos. We disagree. Although decedent was not an "asbestos expert," his testimony makes clear that, during his employment as a welder and sheet metal worker, he had seen asbestos before and, based on the combination of that experience and his perceptions, had substantial and rational reason to believe that the "white material [that was] kind of * * * wool-ish" in the gloves was asbestos. In sum, decedent's statement was "[r]ationally based on [his] perception" and would be helpful to the trier of fact, OEC 701, and, thus, is admissible.

Defendant next argues that paragraph 5 of Mariani's declaration in which he identified defendant as a supplier of "asbestos gloves" to ASM is inadmissible because it is based on hearsay. Again, paragraph 5 of Mariani's declaration reads as follows:

> "During the 1960s and early 1970s I became aware that the asbestos gloves/mitts used at American Sheet Metal, that I described above, were supplied by Quimby Welding Supplies, located in Portland, Oregon. This is because we often spoke with the Quimby Welding Supplies sales representative, who I believe was named Mr. Ron Selis. Mr. Selis came to our shop to sell us this protective equipment on a regular basis and met with our purchasing agent, Homer Grote. Mr. Grote told us that these gloves/mitts were supplied by Quimby Welding Supplies."

Defendant argues that Mariani's alleged knowledge that defendant had supplied the "asbestos gloves" used at ASM was based solely on Mariani's conversation with ASM's purchasing agent, Grote, and, thus, was based on inadmissible hearsay.

■ Plaintiff responds that Mariani's declaration describes two distinct sources of his asserted knowledge that defendant supplied asbestos gloves to ASM: (1) his conversations with defendant's sales representative, Selis, and (2) his

conversations with ASM's purchasing agent, Grote. Plaintiff further reasons that, even assuming that Mariani's recitation of the latter was inadmissible hearsay, the former was not, because Selis was *defendant's* agent. *See* OEC 801(4)(b)(D) (A statement is not hearsay if it is offered against a party and is a "statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship."). In all events, plaintiff contends, even if paragraph 5 of Mariani's declaration could be reasonably read in more than one way, so long as it is reasonably susceptible to the reading that plaintiff posits, that is sufficient to render Mariani's statement that defendant had supplied asbestos gloves to ASM admissible for purposes of controverting summary judgment.

We agree with plaintiff. Paragraph 5 of Mariani's declaration is reasonably susceptible to the inference that Mariani's belief that defendant had supplied "asbestos gloves" to ASM was based on his own conversations with defendant's agent, Selis: "This is because *we* often spoke with the Quimby Welding Supplies sales representative, who I believe was named Mr. Ron Selis." (Emphasis added.) That is not, of course, the only plausible reading of paragraph 5—or even, perhaps, the most plausible reading—but it is plausible. Consequently, paragraph 5 describes a sufficient and admissible basis for Mariani's statement.

■ The question thus reduces to whether decedent's deposition testimony and Mariani's declaration (omitting the statements pertaining to Grote in paragraph 5) are sufficient, individually or collectively, to raise a triable issue of material fact as to whether defendant supplied asbestos-containing gloves to ASM during decedent's employment.[5]

---

[5] If plaintiff has adduced such evidence, plaintiff's attorney's ORCP 47 E declaration is sufficient to raise a triable issue of fact as to whether " 'the presence of that asbestos played a role in the occurrence of the plaintiff's injuries.' " *Purcell v. Asbestos Corp., Ltd.*, 153 Or App 415, 423, 959 P2d 89 (1998), *rev den*, 329 Or 438 (1999) (quoting *Ingram v. ACandS, Inc.*, 977 F2d 1332, 1343-44 (9th Cir 1992)); *see also Austin v. A.J. Zinda Co.*, 196 Or App 262, 270, 101 P3d 819 (2004), *rev den*, 338 Or 374 (2005) (reversing allowance of summary judgment in favor of supplier of asbestos-containing products based, in part, on the conclusion that regardless of whether the allegedly injured plaintiff could establish that he had personally

We conclude that plaintiff's evidence is sufficient to preclude summary judgment. As noted, decedent testified that defendant had supplied "silver gloves" to ASM and that the "silver gloves" contained a material, which decedent—a long-time welder and sheet metal worker, who was familiar with other products containing asbestos—believed to be asbestos. That testimony alone would be sufficient to preclude summary judgment—and, in all events, it is buttressed and corroborated by Mariani's declaration, specifically paragraph 5, which, as explained above, can reasonably be understood to state that Mariani knew that defendant had supplied the "asbestos gloves" to ASM because defendant's sales representative, Selis, had told him so.

To be sure, defendant proffered evidence, including a declaration by Selis, stating that he had never sold any gloves—much less any asbestos-containing gloves—to ASM, and a declaration by the expert witness, Stull, that ASM never distributed a "one-fingered mitten" conforming to decedent's description that contained asbestos. But those statements do not compel the allowance of summary judgment. Rather, in juxtaposition with plaintiff's evidentiary submissions, they disclose a quintessential "jury question."

The trial court erred in granting summary judgment.

Reversed and remanded.

---

handled the defendant's asbestos-containing products in the workplace, the plaintiffs had adduced evidence from which a trier of fact "could reasonably find that [the plaintiff] was injuriously exposed in the workplace to asbestos fibers as a result of other employees' handling of" asbestos-containing products supplied by the defendant).