# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN RE: ASBESTOS LITIGATION     :          N17C-05-588 ASB

                                  :

NOV.2019 (W&L) Trial Group       :

                                  :

Limited to:                             :

JANET R. STIMSON, Individually,  :

and as Personal Representative of the :

Estate of GARY W. STIMSON,    :

Deceased                       :

## ORDER

Submitted: October 31, 2019
Decided: November 13, 2019

On this 13th day of November, 2019, having considered Plaintiff Janet Stimson's Motion for Reargument and Defendant J-M Manufacturing Company, Inc. ("J-MM")'s Response in Opposition thereto, it appears that:

1. Ms. Stimson brought this action on behalf of her husband, Gary Stimson. Mr. Stimson died from mesothelioma in January 2018 after working as a plumber and pipefitter from 1958 to 1993. During Mr. Stimson's plumbing career, he worked with asbestos-cement ("A/C") pipe, including the Johns-Manville brand. Of approximately 100 to 200 sites where Mr. Stimson installed A/C pipe, approximately 20 of those jobsites involved Johns-Manville pipe. Mr. Stimson identified these pipes as having the words "Johns-Manville" stenciled on them in red lettering. Mr. Stimson could not identify the timing or location of the jobs, the length of the jobs, how much pipe he installed at any of the jobs, or the original

manufacturer or supplier of the pipe. Mr. Stimson alleged he worked with this pipe from 1983 until the early 1990s.

2. J-MM formed in 1982, when it purchased A/C pipe and other assets from the Johns-Manville Bankruptcy Trust. When doing so, J-MM did not assume legal liability for Johns-Manville's A/C pipe, except for Johns-Manville pipe that was already manufactured but not yet distributed. J-MM supplied this select portion of leftover Johns-Manville A/C pipe from January 1983 to March 1983.

3. The Court issued an oral summary judgment decision in this matter on September 3, 2019. In that decision, the Court granted summary judgment on behalf of J-MM on the issue of product identification. Namely, the Court found Ms. Stimson failed to demonstrate a genuine issue of material fact regarding Mr. Stimson's exposure to A/C pipe that J-MM had manufactured or was otherwise liable for. Ms. Stimson now moves for reargument alleging that the Court should reconsider its decision.

4. In her motion, she makes two arguments: (1) that the Court misapprehended the facts relevant to Mr. Stimson's identification of J-MM's A/C pipe, and (2) that the deposition testimony of a J-MM employee from an unrelated 2014 case constitutes newly discovered evidence that creates a genuine issue of material fact regarding product identification. On October 30, 2019, Ms. Stimson also provided the Court with the summary judgment decision in *In re: Asbestos Litigation: Deckert*.[1] In that decision, the Superior Court denied J-MM's summary judgment motion filed against another plaintiff based on different alleged exposures.[2]

5. J-MM counters that the Court did not misapprehend the facts in its initial decision. J-MM also argues that the decision in the *Deckert* case is

---

[1] *In re Asbestos Litig. (Deckert)*, C.A. N17C-02-072 ASB (Del. Super. Oct. 8, 2019).
[2] *Id.*

2

distinguishable on the facts. Finally, it argues that the additional deposition testimony does not constitute newly discovered evidence because it was available and known to plaintiff's counsel prior to the Court's summary judgment decision.

6. Superior Court Civil Rule 59(e) provides that a party may file a motion for reargument "within 5 days after the filing of the Court's opinion or decision."[3] However, "Delaware law places a heavy burden on a plaintiff seeking relief pursuant to Rule 59."[4] A movant seeking reargument must show that "the Court has overlooked a controlling precedent or legal principles, or . . . has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[5] The movant "has the burden of demonstrating newly discovered evidence, a change in the law or manifest injustice."[6] In doing so, movants may neither present new arguments nor rehash previous arguments.[7]

7. Summary judgment is appropriate where a moving party demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.[8] The burden of proof is initially on the movant, however, once met, the burden shifts to the non-moving party to demonstrate the existence of material issues of fact.[9] The non-movant's evidence of material facts in dispute must be sufficient to withstand a motion for judgment as a matter of law

---

[3] Super. Ct. Civ. R. 59(e).
[4] *Kostyshyn v. Comm'rs of Bellefonte,* 2007 WL 1241875, at *1 (Del. Super. Apr. 27, 2007).
[5] *Radius Servs., LLC v. Jack Corrozi Const., Inc.*, 2010 WL 703051, at *1 (Del. Super. Feb. 26, 2010) (citing *Lamourine v. Mazda Motor of Am., Inc.*, 2007 WL 3379048, at *1 (Del. Super. Sept. 24, 2007)).
[6] *Id.* (quoting *State v. Brooks*, 2008 WL 435085, at *2 (Del. Super. Feb. 12, 2008)).
[7] *Reid v. Hindt*, 2008 WL 2943373, at *1 (Del. Super. July 31, 2008).
[8] Super. Ct. Civ. R. 56(c).
[9] *Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979) (citing *Hurtt v. Goleburn*, 330 A.2d 134 (Del. 1974)).

3

and sufficient to support the verdict of a reasonable jury.[10]  The Court must view the evidence in the light most favorable to the non-moving party.[11]

8.      Oregon substantive law applies to this case.  Although Oregon has a relaxed standard regarding proximate causation, a "plaintiff [must first] establish the presence of the defendant's asbestos in the plaintiff's workplace."[12]   Namely, a plaintiff cannot establish the element of proximate cause without proving his or her exposure to a defendant's asbestos containing product.[13]  Evidence supporting only a *possibility* of exposure is not sufficient for a party to meet their burden on summary judgment.[14]  Rather, when the moving party meets its initial burden on summary judgment, the non-moving party must demonstrate facts of record sufficient for a reasonable jury to infer the plaintiff was more likely than not exposed to the defendant's asbestos containing product.[15]

9.      Here, the Court did not misapprehend the facts.  Mr. Stimson, who is now deceased, was the only product identification witness.  He identified exposure to A/C pipe with "Johns-Manville" stenciled on its exterior.  J-MM was a successor entity to Johns-Manville after the latter's bankruptcy.  It was undisputed on the record that the only Johns-Manville marked pipe sold by J-MM was confined to leftover stock from a single yard that was sold and distributed over a three month period.  Based on the timing of Mr. Stimson's alleged exposure, the record supports only speculation that he came in contact with any pipe originating from that three months of leftover stock.

---

[10] *Lum v. Anderson*, 2004 WL 772074, at *2 (Del. Super. Mar. 10, 2004).
[11] *Brozaka v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).
[12] *Griffin v. Allis-Chalmers Corp. Prod. Liab. Trust*, 246 P.3d 483, 485 (Or. Ct. App. 2010).
[13] *Greer v. Ace Hardware Corp.*, 300 P.3d 202, 206 (Or. Ct. App. 2013).
[14] *Robinson v. Union Carbide Corp.*, 2019 WL 3822531, at *11 (Del. Super. Aug. 15, 2019) (granting summary judgment where the record evidence showed only a possibility, not a probability, of exposure).
[15] *Id.* at *9 (explaining a plaintiff's burden of proof in demonstrating that a defendant's product caused asbestos harm under applicable Ohio law).

10.    The Court recognizes and is mindful that J-MM separately manufactured and continued to sell A/C pipe as well.  However, the summary judgment record before the Court conclusively established that all such pipe had "J-M" stenciled on its exterior.  Mr. Stimson never identified exposure to A/C pipe with "J-M" stenciled on its exterior—only to pipe with "Johns-Manville" stenciled on its exterior.  Accordingly, the record did not support a reasonable inference, even given the proper deference, that to the preponderance of the evidence, he was exposed to pipe for which J-MM was responsible.

11.    Furthermore, the Court did not overlook controlling precedent or legal principles.[16]  The *Deckert* decision, decided after the Court's decision in this matter, is distinguishable on its facts.  There, the Court declined to grant summary judgment because, rather than identifying limited exposure to "Johns-Manville" pipe, that plaintiff identified exposure to "J.M." stenciled A/C pipe as well.  In *Deckert*, the Court held that it could not "grant summary judgment over the use of a period or a hyphen."[17]  However, while the Plaintiff in *Deckert* identified exposure to J-MM pipe, referring to it as being marked "J.M.," here, Mr. Stimson did not identify *any* "J-M" pipe.  Instead, he described only a "Johns-Manville" label affixed to the pipe at issue.[18]  Given this evidence of record, a jury would be asked to speculate

---

[16] By providing the *Deckert* decision, Ms. Stimson argues the Court "overlooked a controlling precedent or legal principle."  However, it is of note that *Deckert* is not precedent; it was submitted on October 8, 2019, while the Court issued this summary judgment decision on September 3, 2019.

[17] *In re Asbestos Litig. (Deckert)*, C.A. N17C-02-072, at 5.

[18] Ms. Stimson misconstrues Mr. Stimson's testimony in her motion for reargument.  She argues that Mr. Stimson "did not recall any differentiation between pipes that were labeled 'J-M' as opposed to 'Johns Manville.'"  However, the relevant section of the deposition transcript provides:

> Q.    Okay.  Did you ever see any Johns Manville pipe that was labeled
>        with just a J and an M as opposed to the name Johns Manville?
> A.    Don't recall.

Pl. Mot. for Reargument, Ex. A, Vol. III, at 448:23–449:1.
This exchange does not permit a reasonable inference that Mr. Stimson recalled an exposure to pipe marked "J-M."

regarding Mr. Stimson's exposure to J-MM pipe. As the issue of product identification cannot be left to speculation,[19] the Court properly granted J-MM's summary judgment motion.

12.    Finally, while the deposition testimony Ms. Stimson provides from a previous 2014 case is new to this matter, it is not "newly discovered evidence" for the basis of a motion for reargument.    A motion for reargument, "except in extraordinary circumstances . . . 'properly seeks only a re-examination of the facts in the record at the time of the decision.'"[20]   Outside of where newly discovered evidence is found,[21] non-movants must rely upon evidence identified in their responses to motions for summary judgment.[22]   When seeking reargument based on newly discovered evidence, the movant must demonstrate that the newly discovered evidence came to his or her knowledge *since* the motion "and could not, in the exercise of reasonable diligence, have been discovered for use at the time of the motion."[23]

13.    Ms. Stimson now proffers deposition testimony of Lewis Armstrong, a J-MM corporate employee.  He testified that he had personal knowledge that J-MM labeled its transite pipes "Johns Manville Transite" or "J-M transite," and its A/C

---

[19] *See Greer*, 300 P.3d, at 206.

[20] *Barone v. Progressive N. Ins. Co.*, 2014 WL 686953, at *2 (Del. Super. Jan. 29, 2014), *aff'd,* 103 A.3d 514 (Del. 2014).

[21] *Newborn v. Christiana Psychiatric Servs., P.A.*, 2017 WL 394096, at *2 (Del. Super. Jan. 25, 2017).

[22] *See Shaunttel C.L. Draper v. Med. Ctr. of Delaware, Inc.*, 1999 WL 1441994, at *4 (Del. Super. Oct. 19, 1999) (explaining that plaintiff's assertions should have been made in response to the motion to dismiss rather than in a motion for reargument) *rev'd sub nom. Draper v. Med. Ctr. of Delaware,* 767 A.2d 796 (Del. 2001) (reversed on other grounds). *See also Reserves Dev. LLC v. Severn Sav. Bank, FSB*, 2007 WL 4644708, at *1 (Del. Ch. Dec. 31, 2007) (explaining the scope of review for a motion for reargument after trial under Court of Chancery Rule 59(f), differentiating between "new evidence" and "newly discovered evidence" that came to "knowledge since the trial and could not, in the exercise of reasonable diligence, have been discovered for use at the trial").

[23] *Newborn*, 2017 WL 394096, at *2.

pipe "Johns Manville" or "J-M."[24]  That deposition, however, occurred five years ago and Ms. Stimson's counsel became aware of that deposition at least four years ago.[25]  Her counsel had knowledge of Mr. Armstrong's testimony prior to the motion for summary judgment in this case, but did not provide this evidence prior to the original motion.[26]  Ms. Stimson has not met her burden of demonstrating why the testimony was not—or could not have been—provided prior to the summary judgment motion.

WHEREFORE, for these reasons, Plaintiff's motion for reargument is **DENIED**.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge

---

[24] Pl. Mot. for Reargument, Ex. C, Vol. I, at 38:16–39:21.

[25] Def. Response, Ex. C. "Deposition of James Reichert in *In re Asbestos Litig. (Bormuth)*, C.A. No. N13C-10-101 (Mar. 3, 2015), at 69:5–70:3, 146:25–147:6.  There, Ms. Stimson's counsel questioned James Reichert, J-MM's corporate representative, about Mr. Armstrong's testimony in a separate asbestos case.

[26] *See In re Asbestos Litig. (Muse)*, 2014 WL 7474325, at *3 (Del. Super. Dec. 31, 2014) (finding deposition testimony from another case not to be "newly discovered evidence" where plaintiff's counsel participated in the other case and where plaintiff provided no explanation for why it was not presented at the appropriate time).